**Tower Brand and Associates, PLLC**
**11811 N. Tatum Blvd. Suite 3031**
**Phoenix, Arizona 85028**
**telephone: 602-953-6615**
**Gervais R. Brand**
**Bar No. 002280**
**Attorney for Debtors/Movants**

UNTED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: ) | |
| Stephen Lynn Wortman and ) | NO. 2:09-BK-18255 |
| Kathy Lynn Wortman ) | |
| Debtors ) | Chapter 13 |
| ) | |
| ) | |
| ) | ADVERSARIAL |
| Stephen Lynn Wortman and ) | |
| Kathy Lynn Wortman, ) | No. 2:09-ap-00942 |
| ) | |
| Movants, ) | |
| ) | COMPLAINT/MOTION TO |
| ) | VALUE COLLATERAL |
| ) | |
| American Servicing Co.; ASC for Wells Fargo ) | |
| Home Improvement; John Does I-V; ) | |
| Black Corporations  I-V; and ) | |
| General Motors Acceptance Corp. ) | |
| ) | |
| Respondents. ) | |
| ) | |

1. Movants are the Debtors herein and the record title owners of real property described as a single family residence of less than 2 1/2 acres located at 27815 South Highway 89, Congress, Yavapai County, Az. 85332 described as:

   BEGINNING at a point on the East line of the Southeast quarter of Section 2, Township 9 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, said point being North 950.00 feet from the Southeast Corner of said Section 2;

   THENCE North 89 degrees, 49 minutes West, 273.64 feet to the Easterly right-of-way line of U.S. Highway 89;

>    **THENCE North 08 degrees, 43 minutes West 166.50 feet along said Easterly right-of-way line;**
>
>    **THENCE South 89 degrees, 54 minutes East, 298.87 feet to a point on said East line of the Southeast quarter of said Section2;**
>
>    **THENCE South 165.00 feet along said East line to the POINT OF BEGINNING**

2. **Respondents American Servicing Co., ASC for Wells Fargo Home Improvement, John Does I- V and Black Corporations I-V are individuals, foreign or domestic corporations, limited liability companies, partnerships, or other entities who are doing business in the State of Arizona, otherwise caused an act to occur within the State of Arizona or have otherwise submitted themselves to the jurisdiction of the State of Arizona, relating to the real property described in Paragraph 1, above.**

3. **Respondent General Motors Acceptance Corporation (GMAC) is a foreign corporation doing business within the State of Arizona which loaned Movants/Debtors money for the express purpose of purchasing one 2006 Chevrolet 3500 1 ton Crewcab 4x4 truck, VIN #1GCJK33246F137820 and said vehicle is in the possession of the Movants/Debtors herein in Yavapai County, State of Arizona. Said vehicle has been described in the Debtors' Chapter 13 Petition in the above cause and this Court has jurisdiction thereupon. Respondent General Motors Acceptance Corporation (GMAC) has perfected a secured interest lien upon said vehicle, said vehicle is collateral for the purchase money debt owed to Respondent GMAC. There remains due and owing a sum in excess of the current market value of the vehicle all as described in Debtors' Chapter 13 Petition and the debt was incurred over 910 days preceding the date of filing of the Petition. The collateral for the debt is a motor vehicle acquired for the personal use of debtor and co-debtor.**

4. **Movants/Debtors bring this action pursuant to Title 11, Chapter 5, Subchapter 1, Section 506 (a)(1) an (2), and Title 11, Chapter 13. SubChapter II, Section 1322 (a)(1), (b)(2)through (b)(11), Section 1322 (d)(2).**

## COUNT ONE

5. **Respondents American Servicing Co., ASC for Wells Fargo Home Improvement, John Does I-V and Black Corporations I-V are individuals, foreign or domestic corporations, limited liability companies, partnerships, or other entities who purport to be servicing agents and/or holders of promissory notes and deeds of**

trust securing said notes with real property collateral all as described in Paragraph 1, above. Movants/debtors are without knowledge or information to form a belief as to the truth or falsity of the claims of Respondents and request proper proof of claim with documentation establishing the holder of the promissory notes, the proper standing of the Respondents and that they are the real properties in interest.

6. Account No. 1115033634, American Servicing Co., as described in SCHEDULE "D" of Movants/debtors petiton, reflects a 1st Deed of Trust, with a secured interest in the real property, incurred in October 2005, with a current balance in the sum of $302,917.20. Although Movants/debtors alleged in their petition that said claim is unsecured in the sum of $182,917.20 subsequent appraisal indicates that the value of the real property is, as of the date of filing of Movants/debtors petition, $195,000.00 all as set forth in Movants/debtors Amended Schedule "A". Therefore the unsecured portion of said secured claim is $107,917.20.

7. Account No. 1115036089, American Servicing Co., as described in SCHEDULE "D" of Movants/debtors petition, reflects a 2nd Deed of Trust, with claim of secured interest in the real property with a current balance in the sum of $133,342.35. Having regard to the value of said real property described in the Deed of Trust, and the balance of the 1st Deed of Trust far exceeding such value, any 2nd Deed of Trust remains wholly unsecured as alleged in Movants/debtors petition.

8. Respondents American Servicing Co., and ASC for Wells Fargo Home Improvement have given notice of a non-judicial Trustee's Sale, pursuant to the 1st Deed of Trust, to foreclose Movants/debtors interest in the real property described herein and the last date of sale prior to filing Movants/debtors petition herein was August 3, 2009, and said sale has been stayed by this action.

WHEREFORE, Movants/debtors request that this Court enter an Order as follows:

1. That Respondents produce documentation and evidence pursuant to applicable State law establishing the present holder of any promissory notes submitted as secured by a properly executed deed of trust, that Respondents produce reasonable evidence that they have proper standing to make claim as holder and that they are the real party in interest;

2. That upon proof that Respondents are the holders, have standing, and are proper parties, the Court declare that the 2nd Deed of Trust is wholly unsecured and shall be treated as an unsecured claim in bankruptcy, but only as permitted by applicable State law;

3. That upon proof that Respondents are the holders, have standing, and are proper parties, the Court declare that the 1st Deed of Trust is a secured

claim, with an unpaid balance equal to the current market value of the real property consistent with the proof at the time of trial, and that the portion of the current balance of the lien which exceeds the current market value of the real property shall be treated in bankruptcy consistent with the State Law Applicable to such claims; and

4. That upon the Court's determination of the value of the real property, and the portion of any current claim as shall remain secured by said real property, that this Court approve a Chapter 13 Plan as shall be submitted by Movants/debtors herein consistent with the allegations contained in this Complaint and the Debtors' Petition in Chapter 13 pursuant to the Code, and providing for the discharge of any further indebtedness upon said real property upon completion of payments pursuant to the Plan.;

## COUNT TWO

9. GMAC Account No. 061-9084-48230 described in SCHEDULE "D" was incurred in November 2004 upon the purchase of the vehicle described herein, and said secured lien describing the vehicle has a current balance of $29,662.88. The value of said vehicle upon filing of the Movants/debtors' Amended Schedule "B" in their petition is $19,000.00 according to published value directories and current vehicles available for sale.

10. Pursuant to Section 1322 of the Bankruptcy Code Movants/debtors submit that secured balance of the lien of Respondent GMAC upon the Chevrolet truck vehicle as described in the petition should be reduced to the sum of $19,000.00 and a Chapter 13 Plan should provide that Movants/debtors may retain said vehicle upon payment of said sum over a term of 60 months in said Plan.

WHEREFORE, Movants/debtors request that this Court enter an Order as follows:

1. That the Court enter its order that the current market value of the Movants/debtors' Chevrolet truck vehicle is $19,000 and that the secured debt owed to Respondent GMAC was incurred more than 910 days before the filing of the Petition in Chapter 13;

2. That the secured claim of Respondent GMAC shall be declared in the sum of $19,000.00 and it shall be secured by the Movants / debtors Chevrolet Truck vehicle, and the remaining portion of the current claim of lien shall be an unsecured debt; and

3. That the Court approve a Chapter 13 Plan submitted by Movants/debtors consistent with the allegations in this petition and the Chapter 13 petition filed herein, including permitting Movants/debtors to retain the vehicle upon payments for 60 months according to the terms and conditions in the Plan, and providing for the discharge of any further indebtedness upon said vehicle upon completion of payments pursuant to the Plan.

Submitted  08/17/09

Debtor: **/s/Stephen Lynn Wortman**

Debtor:  **/s/Kathy Lynn Wortman**

**TOWER BRAND AND ASSOCIATES, PLLC**

By **/s/ Gervais R. Brand**
    11811 N. Tatum Blvd., Suite 3031
    Phoenix, Arizona 85028
    Attorney for Movants / Debtors