**TOWER BRAND AND ASSOCIATES, PLLC**
7047 E. Greenway Parkway, Ste 250
Scottsdale, Arizona 85254
VOICE:      602-363-0732
FACSIMILE:  480-383-6050

Gervais R. Brand, Esq. (#002280)
g.r.brand@att.net
Attorney for Debtors/Movants

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE<br>**Stephen Lynn Wortman and<br>Kathy Lynn Wortman**<br><br>Debtors, | No. **2:09-BK-18255**<br><br>Chapter 13 |
| **Stephen Lynn Wortman and<br>Kathy Lynn Wortman**<br>Movants<br><br>vs.<br>**U.S. Bank National Association, Trustee,<br>One Home Compas, Mac ID#X2302-04C;<br>John Does I-III and Black Corporations I-<br>III and XYZ Partnerships.** y<br><br>Respondents | ADVERSARIAL PROCEEDING<br><br>No. **2:09-ap-00942**<br><br>SECOND AMENDED COMPLAINT TO<br>DETERMINE THE VALIDITY, EXTENT,<br>AND/OR PRIORITY OF LIENS] |

Movants herein bring this Complaint pursuant to Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. Section 101 et seq (the "Bankruptcy Code"), to establish the invalidity of the lien of Respondent with an alleged balance as claimed by Respondent in two separate but identical Proofs of Secured Claim in Bankruptcy. Movants further allege that a lien of Respondent, if any there may be, is inferior to the Homestead of Movants' and to the judicial lien of the Chapter 13 Trustee asserted for the benefit of unsecured creditors.

**(Jurisdiction and Venue)**

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 157(a), Section 1334 of Chapter 28 USC, and General Order 01-15 dated the 29th day of June, 2001, United States District Court for the District of Arizona; and Movants bring this action pursuant to Title 11, Chapter 5, Subchapter 1, Section 506 (a)(1) and Section 522

2. This adversary proceeding constitutes a core proceeding pursuant to 28 USC Section 157(b)(2)(B), (K), and (O).

3. This District is the proper venue for this proceeding pursuant to 28 USC Section 1409(a).

4. Movants are Debtors pursuant to a Chapter 13 action brought in the above cause.

**(Background)**

5. Movants case was commenced by the filing of the Debtors' voluntary Chapter 13 petition on the 2nd day of August, 2009, seeking relief under Title 11, Chapter 13 of the Bankruptcy Code.

6. As of the date that Movants petition was commenced they were the record title owners of real property located at 27815 South Highway 89, Congress, Arizona 85332 legally described as:

> **BEGINNING at a point on the East line of the Southeast quarter of Section 2, Township 9 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, said point being North 950.00 feet from the Southeast Corner of said Section 2;**

> **THENCE North 89 degrees, 49 minutes West, 273.64 feet to the Easterly right-of-way line of U.S. Highway 89;**
>
> **THENCE North 08 degrees, 43 minutes West 166.50 feet along said Easterly right-of-way line;**
>
> **THENCE South 89 degrees, 54 minutes East, 298.87 feet to a point on said East line of the Southeast quarter of said Section2;**
>
> **THENCE South 165.00 feet along said East line to the POINT OF BEGINNING**

7. Movants described said real property in their petition and submitted it to the jurisdiction of this Court for purposes of consideration, evaluation, and distribution with regard to liens, claims, and values of and concerning said real property.

8. Respondents U.S. Bank, National Association; John Does I-III, Black Corporations I-II, and XYZ Partnerships are individuals, foreign or domestic corporations, limited liability companies, partnerships, or other entities who purport to be servicing agents and/or holders of promissory notes secured by deeds of trust describing the above designated real property.

## CLAIM FOR RELIEF

9. The following causes of action are asserted against the Respondent without prejudice to any rights the Movants may have, or which this Court may grant to the Movants, to assert additional causes of action or allegations based on facts disclosed in documents or other information made available to the Movants in the future or developed as a result of discovery or otherwise.

### COUNT 1: Claimant's Lien is unenforceable

10. Respondent U.S. Bank, National Association, has filed a proof of claim with respect

3

to the Residential Property, a true and correct copy of which is attached hereto as Exhibit "A".

11. The Residential Property described in Paragraph 6, above, is now Movants' primary residence, and Movants claim a homestead exemption therein pursuant to applicable state law

12. Pursuant to Title 11 USC, Chapter5, Section 502, Movants have filed an objection to the Proof of Claim, a true and correct copy of which is attached hereto as Exhibit "B"

13. Attached to the Proof of Claim is a copy of an instrument purporting to be the promissory note (hereinafter the "Promissory Note") in the principal amount of $315,000.00 dated October 18, 2005, executed by Movants in favor of **MORTGAGE LENDERS NETWORK, USA, INC.** ("Original Holder"), as holder

14. Also attached to the Proof of Claim is a copy of a deed of trust (hereinafter the "Deed of Trust"), purporting to secure payment of the Promissory Note as a lien upon the Real Property. Deed of Trust describes MORTGAGE LENDERS NETWORK, USA, INC. as the "Lender", MICHAEL A. BOSCO as "Trustee", Movants as "Borrower", and MERS as "Beneficiary". Movant is informed and believes and therefore alleges that MERS had no stake in the transaction resulting in the execution of the Deed of Trust and was owed nothing as a result of the Promissory Note and was named as Beneficiary only as the "nominee" of

the Lender, MORTGAGE LENDERS NETWORK, USA, INC.

15. The Proof of Claim is not supported by, and does not include, evidence that Claimant has possession of the original Promissory Note. The identity of the holder of the Promissory Note is not clear from the Proof of Claim. nor has Claimant established that it is the proper party in interest to enforce the Promissory Note pursuant to Title 11, U.S. Code, Chapter 5, Subchapter 1, Section 501.

16. On or about the 17th day of September, 2008, MERS executed an **Assignment of Promissory Note and Deed of Trust** (attached to the Proof of Claim, and hereto as Exhibit D) which purports to assign both the Deed of Trust and the promissory note described in paragraphs 13 and 14, above. Claimant has made no showing that (A) MERS ever held the Promissory Note, nor (B) that MERS was authorized to assign it to Claimant. Claimant has failed to provide evidence of the identity of the holder of the Promissory Note as of the date of the assignment of the Deed of Trust and Movants allege upon information and belief that Claimant was not the owner of the Promissory Note and the real party in interest.

17. As a result of the Assignment, the beneficial interest under the Deed of Trust was assigned to Claimant, but the attempted assignment of the Promissory Note was a nullity.

18. Accordingly, the Promissory Note was split from the Deed of Trust, and the Promissory Note became unsecured. The Deed of Trust is unenforceable as a valid lien against the Real Property.

19. Movants are without knowledge or information to form a belief as to the truth or falsity of the claims of Respondent and request proof establishing the holder of the promissory notes, the proper standing of the Respondent, that Respondent has been damaged in any way, that it is the real party in interest. and that the lien is valid and enforceable.

WHEREFORE, Movants/Debtors request that this Court enter an order as follows:

1. That Respondent (i) produce documentation and evidence pursuant to applicable State law establishing that Claimant is the present holder of Promissory Note, (ii) that Claimant is the owner there of and entitled to enforce same, (iii) that Claimant has suffered damage as a result of any alleged breach under the Promissory Note and is the real party in interest entitled to enforce same, and(iv) that Claimant has standing to enforce the Proof of Claim as submitted to this Court;

2. That the Deed of Trust is invalid, void and unenforceable; and

3. That any attempt to lift a stay arising out of the filing of Movants; Petition in Bankruptcy be disallowed

**COUNT 2: Claimant is not entitled to a lift of stay**

20. Movants incorporate by reference as though fully set forth the allegations of Paragraphs 10-12 of Count 1 of Movants' Complaint in Adversary proceedings.

21. Upon objection as alleged herein Claimant did not respond and by order a copy of

6

which is attached hereto as Exhibit C, this Court sustained Movants' objections and the claim was disallowed.

22. Section 506(a)(1) of the Bankruptcy Code defines a "Secured Claim" as one which is allowed as submitted by a creditor with a secured lien on property in which the estate has an interest. Section 506(d) states that to the extent that a lien secures a claim against a debtor that is not an allowed secured claim such lien is void. Because the claim of these Respondent/Claimant has not been allowed its lien is void to the extent of the administration of the bankruptcy estate herein and there is no right to seek relief by way of a Motion to Lift Stay. Section 362 of the Bankruptcy Code provides for a stay of any act to create, perfect, or enforce any lien against property of the estate and permits the granting of relief from that stay "with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property". Section 362(d)(4). Respondent/Claimant does not qualify as such a creditor.

WHEREFORE, Movants/Debtors request that this Court enter an order as follows:

1. That Respondent/claimant's claim is rejected as secured claim;
2. That any relief in bankruptcy be denied Respondent/Claimant including the lifting of the automatic stay;
3. That Movants be granted their costs incurred.

### COUNT 3: Homestead is free of Respondent's lien

23. Movants incorporate by reference as though fully set forth the allegations contained in Paragraphs 10-22 of Counts 1 and 2 of this Complaint.

24. Pursuant to Title 11, Chapter 5, Section 502(b), 506(d), and 522(c)(2)(A)(ii),

7

Movants' Homestead is free of Respondent's lien avoided herein and said lien shall not survive bankruptcy as to such exempt property.

WHEREFORE, Movants request that this Court enter an order as follows:

1. That Movants have filed a objection to Respondent's secured claim pursuant to Title 11, Chapter 5, Section 502, and said claim has been disallowed;

2. That pursuant to Title 11, Chapter 5, Section 506(d), Respondent's claim is void; and

3. That pursuant to Title 11, Chapter 5, Section 522(C)(2)(A)(ii) Movants' residence is now free of Respondent's lien and said lien shall not survive bankruptcy as to such exempt property.

**RESPECTFULLY SUBMITTED** this 10th day of February, 2010.

          TOWER BRAND AND ASSOCIATES, PLLC

          /s/Gervais R. Brand
          Gervais R. Brand, Esq.

ORIGINAL filed
this 10 day of February, 2010:

United States Bankruptcy Court
District of Arizona
Clerk of the Court
230 N. 1st Ave., suite 101
Phoenix, AZ 85003